## INHABITANTS OF CHESHIRE *vs.* ROBERT R. BRIGGS.

Under the Rev. Sts. *c.* 90, the return of a writ into the clerk's office with an attachment of real estate indorsed thereon, in the usual course of former practice, does not constitute an effectual lien as against a subsequent *bonâ fide* purchaser of the estate : To secure such a lien, the writ, or a copy thereof, with the officer's return, must be deposited in the clerk's office, to be entered in a book kept by him. But those statutes did not make it the duty of the attaching officer to deposit the writ, &c. in the clerk's office, for this purpose.

THIS was an action against a deputy sheriff for not attaching the real estate of David Sherman on a writ sued out against him by the plaintiffs.

At the trial before *Dewey*, J. it was in evidence that the plaintiffs, on the 9th of October 1837, delivered to the defendant a writ against said Sherman, with an oral direction to attach his real estate ; that the defendant returned on the writ that he had attached such real estate ; but that he did not deposit in the office of the clerk of the court either the writ or a copy thereof, according to the Rev. Sts. *c.* 90 : That Sherman, when the writ was delivered to the defendant, owned and possessed real estate sufficient to satisfy the claim demanded in the writ ; and that after the writ was filed in court and the action entered, and before judgment was rendered, Sherman conveyed said real estate, and had ever since been destitute of visible property, and reputed to be insolvent.

It was admitted, that when the writ was delivered, as aforesaid, to the defendant, he was not requested to leave it, or a copy of it, in the clerk's office ; that no money was tendered or offered to him on this account ; and that he did not demand any money on this account, but agreed to serve the writ, when it was so delivered to him.

The case was taken from the jury, under an agreement of the parties that if, on the foregoing statement, the court should be of opinion that the plaintiffs cannot support the action, a non-suit should be entered : Otherwise, that the action should stand for trial.

*Robinson & Sayles*, for the plaintiffs.

*Briggs & Wells*, for the defendant.

DEWEY, J.   Two questions arise in the present case.   1. Was such an attachment made of the real estate of David Sherman, on the writ of the plaintiffs, as created a valid and effectual lien as against a subsequent *bonâ fide* purchaser of the same estate for a valuable consideration ?

The validity of the attachment depends upon the construction to be given to the Rev. Sts. *c.* 90, §§ 28, 29, 30, requiring, in case of an attachment of real estate, that the original writ, or a copy thereof, and so much of the officer's return as relates to the attachment of such estate, shall be deposited in the office of the clerk of the court for the county in which the lands lie ; and making it the duty of such clerk to enter, in a book to be kept for that purpose, the names of the parties, the time when said attachment was made, &c.   The facts stated in the present case only show the usual return by the officer, on the writ, of an attachment, but no other deposit of the writ in the office of the clerk, than necessarily occurs in all cases of actions at law entered and prosecuted in the usual course of practice, without any purpose of securing a lien by attachment.   This, it seems to us, is not sufficient to give force and validity to the attachment.   The statute referred to has materially changed the former law on the subject, and requires other acts of notoriety besides the return of the officer indorsed on the writ.

Attachments of real estate are required to be entered in the book kept for such purpose, by the clerk of the court.   There must be, as heretofore, a return of the attachment indorsed on the writ ; and that may be effectual as an attachment, even before the deposit of the writ or copy thereof, if the writ is deposited within three days from the time of making such attachments ; otherwise, from the time when the writ or copy is so

deposited. But before the clerk can be required to make such entry in his book of records of attachments, the writ or copy should be delivered to him, for the purpose and with the view of having, such entry made as will secure a lien by attachment.

It results from this view of the statute regulating attachments of real estate, that the attachment, returned on the plaintiffs' writ against David Sherman, was so far defective as to be liable to be defeated by a conveyance from Sherman to a *bonâ fide* grantee ; and the estate having been thus conveyed, during the pendency of the action in court, the attachment was thereby lost.

2. The next inquiry is, whether the officer, by whom the attachment was made on the writ, is, upon the facts stated in the report, chargeable with any such misfeasance or neglect of duty in the case, as should charge him with the loss which has been sustained by reason of the attachment not being duly perfected, and the lien thus retained.

The revised statutes do not in terms impose upon the officer attaching real estate the personal duty of perpetuating the lien, by depositing in the clerk's office where the land is situate the writ, or a copy thereof, for this purpose. It is a part of his official duty that he should duly certify the attachment upon the writ, and that the writ itself should, on or before the return day of the same, be duly returned into the office of the clerk of the court to which the same is returnable ; but the further act of filing the writ or a copy thereof with the clerk, for the purpose of procuring a proper entry in the book of registry of attachments of real estate, is an independent and entirely distinct service. By the provisions of the Rev. Sts. c. 90, the writ or copy is required to be left in the office of the clerk of the court for the county in which the lands lie, which may be other and different from the county where the writ is made returnable. No fees are directed by the statute to be allowed to the officer for performance of such duty. It is obviously a service which may be performed by the plaintiff, or any authorized agent of his ; all that is requisite, on the part of the officer, being the making of a proper certificate of the attachment, upon the writ ;

and this being done, all the further services requisite to securing the attachment may as easily be performed by the plaintiff, as by the officer. As presenting a case somewhat analogous to that under consideration, I would refer to the provisions of *St.* 1783, *c.* 57, requiring the levy of an execution upon the real estate of the judgment debtor to be recorded in the registry of deeds within three months from the time of making the levy, to make it valid and effectual against others than the debtor and his heirs. This requisition is as positive, and the necessity of a compliance with its terms as absolute, to preserve the title of the judgment creditor under the levy, as is that of the revised statutes requiring the deposit of the writ or copy with the clerk, to preserve the lien by attachment. But upon a case arising under *St.* 1783, *c.* 57, it was held by this court, that it was not the official duty of the officer to cause the execution to be thus recorded. *Tobey* v. *Leonard*, 15 Mass. 200. It is only by the further provisions on that subject, Rev. Sts. *c.* 73, § 17, imposing such service upon the officer, and providing compensation therefor, that this duty has devolved upon him. We think that the duty of depositing the writ or copy in the clerk's office, for registration of the attachment, was not by the revised statutes enjoined upon the officer serving the precept ; and the present case is one of those instances, often occurring in legislation upon a new subject, where the great principle is distinctly brought forward and adopted in the statute, but the law is imperfect and defective in the details necessary or convenient for its full and proper execution. This omission has since been fully provided for by the supplemental acts of 1838, *c.* 186, and 1839, *c.* 89, making it the duty of the officer, when he attaches real estate, to deposit in the office of the clerk of the court the original writ, or a copy thereof, omitting the declaration, for the purpose of having it entered in the registry of attachments. Provision is also made for the fees to be taxed for such services. The case before us, having arisen under the revised statutes, is not affected by these additional acts.

*Plaintiffs nonsuit.*